JOHN ROMONEDA ET AL. *v.* WALLACE JACKSON.

[46 South., 258.]

ACCOUNTS. *Suit on. Attachment affidavit. Code* 1906, § 1978. *Evidence. Affidavit of correctness. Counter affidavit.*

A statutory affidavit for an attachment (Code 1906, § 133) on an open account, merely affirming, so far as relates to the indebtedness, that the defendant was justly indebted to plaintiff in a designated sum as shown by an account attached thereto, cannot be made to serve as an affidavit to the account under Code 1906, § 1978, providing that an affidavit to the correctness of an open account, etc., shall be evidence of its correctness in the absence of a counter affidavit by the party sought to be charged.

FROM the circuit court of Yazoo county.

HON. J. B. HOLDEN, special judge.

Jackson, appellee, was plaintiff in the court below, and John Romoneda and another, comprising the partnership of Romoneda Brothers, appellants, were defendants there. From a judgment in favor of plaintiff defendants appealed to the supreme court.

Jackson, the plaintiff, sued out an attachment against defendants, his affidavit following the statutory form and alleging that the defendants were "justly indebted to him" in the sum sued for, shown by itemized account attached, and the suit was to recover on the account. The defendants did not plead in abatement but filed an affidavit denying the indebtedness in part; and pleaded a counter-claim against plaintiff sufficient in amount to fully pay plaintiff's demand. This counterclaim was in form an open account and it was duly sworn to by affidavit under Code 1906, § 1978, making accounts so sworn to evidence of their correctness, etc., in the absence of a counter-affidavit. The plaintiff thereupon filed a counter-affidavit denying in part and admitting in part the different items of the defendants' counter claim. On the trial the plaintiff testified

touching defendants' liability to him for all disputed items of his account save one, as to which there was no evidence whatever introduced. The jury however found for the plaintiff in the full sum sued for, inclusive of the unproved item, and judgment therefor was rendered against defendants.

*V. I. McCormick* and *Barnett & Perrin,* for appellant.

As the plaintiff did not comply with Code 1906, § 1978, and make affidavit to his account that it was correct and due to him by the defendants, and as there is no evidence whatever to establish the last item of his account, the judgment of the court below must be reversed.

*Holmes & Holmes,* for appellee.

While it is true that there is no testimony in regard to the last item of plaintiff's claim, yet this item was not denied in the defendants' affidavit. This and the other items of plaintiff's claim were supported by plaintiff's affidavit in attachment, which affidavit distinctly alleged that the defendants were "justly indebted" in the amount of the attached account.

CALHOON, J., delivered the opinion of the court.

There is no affidavit under the statute, Code 1906, § 1798, by the plaintiff that his account is "correct and due" him by the defendants. So he was put on the proof of it. We search the record in vain for any proof of one part of it whatever, and therefore, without considering the other objection, we are under the painful necessity to order that this little case be *reversed and remanded.*